Lankford, State Bank Com'r, v. Oklahoma Engraving & Printing Co.

LANKFORD, *State Bank Com'r*, v. OKLAHOMA ENGRAV-
ING & PRINTING CO.

No. 2379.    Opinion Filed February 4, 1913.

(130 Pac. 278.)

**BANKS AND BANKING** — State Banks—Guaranty Fund—Insolvency.
Reversed and remanded upon the authority of **Columbia Bank &
Trust Co. v. United States Fidelity & Guaranty Co., 33 Okla. 535,
126 Pac. 556.**

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;
Geo. W. Clark, Judge.*

Intervention by the Oklahoma Engraving & Printing Com-
pany in action by State Bank Commissioner to wind up affairs of
insolvent state bank.    Judgment for intervener, and the Com-
missioner brings error.    Reversed and remanded, with directions.

*Ledbetter, Stuart & Bell,* for plaintiff in error.

*Wilson & Tomerlin* and *E. E. Buckholts,* for defendant in
error.

KANE, J.    This is an appeal from an order of the court be-
low, whereby it enjoined the State Bank Commissioner, who was
administering the affairs of the insolvent Columbia Bank & Trust
Company, from preferring the depositors' guaranty fund over
what is called a "merchandise creditor" in the distribution of
the assets of the defunct bank.    Counsel for the defendant in
error, who was a creditor of the bank by virtue of sales of sup-
plies made prior to its insolvency, state their position in their
brief as follows:

"We concede that the depositors' guaranty fund is a fund for
the sole payment of depositors in failed banks, and we concede
here that the intervener, as a merchandise creditor of such failed
bank, has no right to participate in said fund, or along with the
depositors.    We do, however, claim that a merchandise creditor,
as intervener is in this case, is a creditor of the bank, and entitled

to prorate with the deposit creditors of the bank and all other creditors in the assets of said failed bank; that, upon the failure of the bank, the assets of such bank come into the hands and possession of the Bank Commissioner, not for the purpose of paying any favored creditor, but for the purpose of being pro rata distributed and conserved as a trust fund for the purpose of such pro rata distribution to creditors."

The question raised by counsel is somewhat similar to the one decided by this court in the case of *Columbia Bank & Trust Co. v. United States Fidelity & Guaranty Co.,* 33 Okla. 535, 126 Pac. 556. In that case the surety company sought to compel the Bank Commissioner to discharge the liability of its principal, for which otherwise it would be bound, out of the depositors' guaranty fund. The court held that that could not be done, and in defining the status of a surety, under conditions created by the bank guaranty law, says:

"* * * With the exception of the first lien of the state upon the assets, etc., of the insolvent state banks created by section 323, *supra,* for the benefit of the depositors' guaranty fund, the rights and liabilities of the surety company are the same as they would have been if the bond was executed to secure the deposit of a part of the permanent school fund in any bank or trust company within or without the state, not governed by the bank guaranty law."

This reasoning applies to the defendant in error herein, who was not a creditor of the bank in the sense that a depositor was, and hence admittedly not entitled to be paid out of the depositors' guaranty fund. The depositors' guaranty fund was created for the payment of depositors, only as defined in *Columbia Bank & Trust Co. v. United States Fidelity & Guaranty Co., supra.* Section 323, Comp. Laws 1909, provides that the state shall have, for the benefit of the depositors' guaranty fund, a first lien upon the assets of any defunct bank or trust company, and all liabilities against the stockholders, officers, or directors thereof, and against all other persons, corporations, or firms; and that such liabilities may be enforced by the state for the benefit of the depositors' guaranty fund. The effect of this statute is to make the state a preferred creditor until any deficiency in the guaranty fund, created by the payment therefrom of the depositors of an

insolvent bank, is made up. After that, any remaining assets of the bank become available for the purpose of being prorated and distributed among the general creditors of the bank, in the manner contended for by counsel for defendant in error.

The judgment of the court below is accordingly reversed, and the cause remanded, with directions to proceed in conformity with the views herein expressed.

All the Justices concur.