## LANKFORD, *State Bank Com'r*, v. SCHROEDER.

No. 3990.  Opinion Filed February 9, 1915.

Rehearing Denied April 27, 1915.

(147 Pac. 1049.)

1. **PLEADING—Demurrer.** Where a petition fails to state a cause of action, the better practice is to take advantage of such failure by demurrer.

2. **APPEAL AND ERROR—Pleading—Objection—Presentation Below—Sufficiency.** Where the petition fails to show any right of the plaintiff against the defendant for the relief sought, the defendant may, at the trial of the case, before any evidence is introduced, object to the introduction of any evidence in plaintiff's behalf, and the overruling of such objection, if excepted to, is error for which the case will be reversed.

Lankford, State Bank Com'r, v. Schroeder.

3. **BANKS AND BANKING — Depositor — Misappropriation of Money.** Where one who purchases notes from a state bank, paying cash therefor, leaves the notes in the bank under an agreement with the cashier that the bank will collect the notes and place the money received to the purchaser's credit account in the bank, and the bank afterwards collects the notes and, without the purchaser's knowledge or consent, appropriates the money to its own use without giving the purchaser credit therefor, and the bank afterwards, without paying the purchaser his money, except a very small part thereof, fails and goes into the control of the State Bank Commissioner under the state banking law, **held**, the purchaser of the notes is not a depositor of the failed and insolvent bank, and is not entitled to payment of his claim against the bank out of the bank's assets in the hands of the bank commissioner and necessary for the payment of the bank's depositors, or out of the state guaranty fund.

4. **STATES—Right to Sue—State Banking Board—Bank Commissioner.** The State Banking Board and the State Bank Commissioner constitute a part of the executive department of the state government, and cannot be sued without the state's consent.

5. **BANKS AND BANKING—State Guaranty Fund—Reimbursement—Lien on Bank's Assets.** The state guaranty fund is the property of the state as much as ad valorem taxes collected for the state's maintenance, and the state has a first lien on assets of a failed bank in the hands of the State Bank Commissioner, to secure reimbursement of the guaranty fund for sums paid therefrom to the depositors of such bank, and no suit can be maintained by a creditor of the bank against the bank commissioner for the application of such assets or guaranty fund to the payment of his claim.

6. **STATES—Suit Against the State—Action Against State Bank Commissioner.** A suit against the State Bank Commissioner to compel him to pay a debt against a failed bank out of the state guaranty fund or out of the assets of such bank in his hands as such officer under the banking law is, in effect, a suit against the state and cannot be maintained without the state's consent.

7. **APPEARANCE — Effect — Parties — Action Against State Bank Commissioner—Suit Against State.** In a suit by a creditor of a failed bank against the State Bank Commissioner to compel him to pay the creditor's debt out of the state guaranty fund or out of assets of the bank in the commissioner's hands for the purpose of winding up the bank's estate, where the commissioner appears by his attorneys and defends such suit, **held**, such appearance does not have the effect of making the state a party to the action.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by Charles W. Schroeder against J. D. Lankford, State Bank Commissioner.  Judgment for plaintiff, and defendant brings error.  Reversed, with directions to dismiss cause.

*Stuart, Cruce & Gilbert,* for plaintiff in error.

*Everest, Smith & Campbell,* for defendant in error.

BROWN, J.  This cause originated in the district court of Oklahoma county upon the petition of Charles W. Schroeder as plaintiff against J. D. Lankford, as State Bank Commissioner of the state of Oklahoma, in possession of the Planters' & Mechanics' Bank, a corporation, under the banking laws of said state.  After alleging that the bank was a corporation doing business in Oklahoma under the state banking laws, plaintiff's petition stated, in substance, as follows:  That the defendant, J. D. Lankford, is the duly appointed and acting bank commissioner of the state of Oklahoma and as such was in possession and control of all the assets, affairs, rights, and property of said Planters' & Mechanics' Bank.  That plaintiff was a creditor of said bank and was a depositor therein at the time the bank was taken in charge by the defendant Lankford, as bank commissioner, and that plaintiff's claim arose as follows:  About the 21st day of November, 1907, plaintiff, at the request of the officers of the bank, purchased from it certain notes described in the petition aggregating $4,150.  That after purchasing said notes plaintiff left them in the bank for collection, and, he says, the cash when collected was to be deposited to his account and credit in the bank.  Plaintiff says that at the time he purchased the notes he paid the bank said $4,150.  It is further alleged that the notes were afterwards collected by the bank, but, instead of placing the amounts collected to plaintiff's credit, the bank appropriated the cash to its own use, and substituted, or attempted to substitute, other

notes therefor; that the substitution of other notes and the appropriation of his money by the bank was without plaintiff's knowledge; and that he never accepted or received the substituted notes. It is alleged that the notes purchased by plaintiff bore interest at the rate of 12 per cent. per annum, and that after the purchase thereof he received certain credits, a part of the interest and principal, on the notes. He alleges that all the notes purchased by him were paid to the bank prior to February 16, 1909, on which date the bank gave him credit for $450 collected on certain notes, but none of the notes or amounts collected by the bank thereon had been placed to his credit or account in the bank, except those above mentioned. Plaintiff alleges that, under the agreement between him and the bank at the time he purchased the notes referred to, the moneys paid on the notes ought to have been placed as a special deposit to his credit and so considered at the time of the failure of the bank, and should be paid out of the bank's assets and the state guaranty fund provided for the payment of depositors in failed banks, but he says the said moneys were not on deposit at the time of the bank's failure; and he says, if he was not a depositor, then the appropriation of his money by the bank constituted said money a special trust fund belonging to plaintiff and was a preferred claim which plaintiff was entitled to receive in cash. He alleges a demand upon Lankford for payment of said sum, which was by said bank commissioner refused. The insolvency of the bank and the insufficiency of its assets to pay off its liabilities is alleged, and that defendant Lankford was State Bank Commissioner, and as such took full possession and control of the bank's assets and affairs as provided by law and was proceeding to wind up the estate and affairs of the bank as such bank commissioner at the date of filing plaintiff's action; and that therefore defendant was trustee for said bank and its creditors and stock-

holders, and as such it was his duty to prorate the bank's assets among the lawful creditors, first paying preferred claims, which it is alleged plaintiff's claim is.

The defendant first answered by general denial, and afterwards by leave of court filed amended answer admitting the incorporation and insolvency of the Planters' & Mechanics' Bank, and admitted that he, as bank commissioner, took possession and control of the bank's assets and that the same were insufficient to pay its depositors in full. He denies that plaintiff purchased the notes mentioned in his petition, and says, if he did so, it was under a secret agreement with the bank's cashier by which the cashier was to conceal said transaction from the other officers of the bank and from the makers of the notes; and that the notes were never paid, but were renewed from time to time and carried as assets of the bank and were so carried at the time he took possession of the bank's affairs; and that plaintiff was at all times a director in the bank and had knowledge of its acts relative to said notes, and is estopped from asserting his claim herein.

The case was regularly reached and called for trial March 18, 1912, in the district court of Oklahoma county, and both parties appeared by their counsel and announced ready. A jury being called by the court, the defendant objected to a trial by jury, which objection was overruled, and a jury impaneled.

Plaintiff being sworn and offered as a witness in his own behalf, the defendant thereupon objected to the introduction of any evidence on the ground that the petition did not set out a cause of action against the defendant. The objection was overruled by the court, the defendant excepted, and plaintiff testified as a witness for himself. After plaintiff closed his evidence, defendant moved the court to instruct a verdict for him, which motion was

refused. The trial resulted in a verdict for plaintiff for $4,332.62, and judgment was rendered by the court for the amount found by the jury in favor of the plaintiff and against the defendant Lankford as State Bank Commissioner of Oklahoma, and defendant was ordered forthwith to pay said sum to plaintiff out of the assets of the failed bank in defendant's possession and control, as State Bank Commissioner, and, in the event the same was insufficient to pay plaintiff the sum stated, then that defendant pay the same out of the state guaranty fund of Oklahoma in his possession or hands as State Bank Commissioner. The judgment was excepted to by defendant, and in due time he filed a motion for new trial, alleging as grounds therefor that the court erred in permitting plaintiff to introduce any evidence over the objection of defendant; that the verdict is not supported by the evidence; error of the court in overruling plaintiff's motion for an instructed verdict in his behalf; error of the court in trying the case to a jury; that the verdict was excessive; and numerous alleged errors committed by the court in the trial of the case. Motion for new trial was refused and exceptions taken, and the case is properly before this court on defendant's petition in error.

Plaintiff in error assigns the following errors: The court erred in overruling the objection of the defendant below to the introduction by plaintiff of any evidence, because the petition did not state any cause of action against the defendant. Error of the court in refusing to instruct the jury to return a verdict for defendant at the conclusion of plaintiff's evidence. The verdict of the jury is not supported by the evidence. That the court erred in overruling defendant's motion for a new trial. There are numerous other assignments covering substantially the errors complained of in the motion for new trial.

All of the errors assigned by plaintiff in error were set out in his motion for new trial as grounds therefor. The overruling of the motion for new trial is assigned as error, and we think the case can be disposed of under this assignment.

Referring to the defendant's objection to the introduction of any evidence in plaintiff's behalf on the ground that the petition failed to set out any cause of action against defendant, we think it the better practice to take advantage of the failure of a petition to set up a cause of action by a demurrer thereto; but, when this is not done and no cause of action whatever is stated in the petition, we cannot say that such defect cannot be urged by objection to the introduction of any evidence in support of plaintiff's supposed cause of action.

This brings us primarily to a determination of the question whether or not the facts set out in plaintiff's petition are sufficient to entitle him to a judgment against the defendant Lankford as State Bank Commissioner for the amount of plaintiff's claim against the Planters' & Mechanics' Bank. If the allegations in plaintiff's petition did not show his right to judgment against the defendant as State Bank Commissioner, then the objection to the introduction of evidence offered by plaintiff should have been sustained by the court below, and, in such case, it was also the duty of the court, at the close of plaintiff's evidence, to sustain the motion of defendant for an instructed verdict in his favor.

Do the allegations in plaintiff's petition, if true, entitle him to a judgment against the defendant Lankford as State Bank Commissioner requiring him to pay plaintiff's demand out of the assets of the failed bank or out of the state guaranty fund, in the event the assets of the bank are insufficient to pay the bank's indebtedness? We

think under the settled law of this state this question must be answered in the negative.

The contention of defendant in error is that, at the time the Planters' & Mechanics' Bank received payment of the notes left by him for collection, it ought to have placed the money so received to his credit in the bank, and having failed to do so he was, in the purview of the law, a depositor in said bank at the time it failed and went into the hands of defendant as State Bank Commissioner, and that it was and is the duty of defendant to so treat plaintiff and pay his claim out of the bank's assets which came into his hands, and, in case such assets are insufficient, then the defendant should pay said claim out of the state guaranty fund.

That the plaintiff was not a depositor entitled to payment of his claim out of assets in the hands of the bank commissioner or out of the state guaranty fund, we think is clear. A depositor who is protected from loss by a failing bank is one who takes his money or its equivalent and places it, or causes it to be placed, in the bank to his credit subject to his right to check it out or withdraw it from the bank at will. The petition and the exhibits thereto disclose that during the panic of 1907 the officers of the bank solicited plaintiff, a stockholder therein, to advance $4,150 and to accept therefor the notes in question, and that plaintiff did so under an agreement with the bank's officers that the notes should be left in the bank for collection and payment and when paid the bank would place the proceeds to plaintiff's credit. Such relations between the plaintiff and the bank were altogether different from those of an ordinary depositor. The agreement set out in the petition does not disclose when plaintiff should have the right to withdraw the proceeds of the notes from the bank, or whether, in fact, he was to have such right at all.

Columbia Bank & Trust Co. v. U. S. F. & G. Co., 33 Okla. 535, 126 Pac. 556, was a case where certain moneys belonging to the state of Oklahoma aggregating $50,000 were deposited by the State Land Commissioners in the bank named, to secure which the surety company executed its bond to the state of Oklahoma. The bank failed and went into the hands of the State Bank Commissioner, who, under the circumstances, refused to recognize the claim of the state or of the School Land Commissioners as a depositor entitled to have said money paid out of the assets of the failed bank or out of the state guaranty fund. Suit was brought in the district court against the bank commissioner and judgment rendered directing him to treat the land commissioners as a depositor and to pay the claim out of the assets of said bank and in case of the insufficiency thereof to satisfy it, to pay it out of the state guaranty fund. The bank commissioner appealed from the judgment, and the present Chief Justice, speaking for the court in the opinion therein, at page 542 of 33 Okla., at page 559 of 126 Pac., uses this language:

"That the money deposited in the bank by the Commissioners of the Land Office was a deposit in a broad sense. * * * is probably true; but it is clear to our minds that the Commissioners of the Land Office were not such depositors, and the funds which the law permits them to deposit in pursuance of their official duties are not such deposits as fall within the purview of section 323, *supra*. This was a special statutory deposit, with strict legislative bounds within which the depositor is required to act."

The deposit in question was made by the land commissioners of the state under a statute which authorized them to deposit funds belonging to the state in such banks and trust companies as they might select until such time as they might be safely and advantageously invested in certain securities mentioned in the act; but the land commissioners were required to take security for the money so

deposited by them, and hence this court held it was not an ordinary deposit intended by the banking law to be protected.

In *Lankford, State Bank Commissioner, v. Oklahoma Engraving & Printing Co.*, 35 Okla. 404, 130 Pac. 278, this court held a merchant creditor of a bank at the time of its failure was not a depositor and was not entitled to payment of his claim out of the state guaranty fund.

Thus we think it may be considered the settled law of this state that no one having a claim or demand against a failed bank in this state is entitled primarily to have any part of his claim paid out of the assets of the bank or out of the state guaranty fund, unless he was a depositor in such bank at the time of its failure, as the term "depositor" is generally accepted and understood.

It being apparent from the allegations of plaintiff's petition that he was not a depositor of the failed bank, then do his allegations show any other right entitling him to sue the State Bank Commissioner?

Defendant in error contends that, if he was not a depositor in the bank at the time of its failure, then the failure of the bank's officers' to place to his credit and account the proceeds of his notes, as they agreed should be done, constituted such proceeds a trust fund in the bank and a lien upon the bank's assets which went into the hands of the bank commissioner; therefore that the commissioner should be required to pay his claim. But it will be observed the petition does not allege that any of the proceeds of his notes went into the hands of the bank commissioner.

In *Lankford v. Oklahoma Engraving & Printing Co.*, *supra*, the printing company, having furnished the bank supplies prior to its failure, contended that the assets of

the bank which went into the hands of the bank commissioner constituted a trust fund subject to be prorated among all creditors. But this court held against such contention, and held such creditor was not entitled to have his claim paid out of the guaranty fund, and that his right to share in the assets of the bank was limited to such thereof as remained for distribution among creditors in general after payment of depositors and restoration to the guaranty fund of sums taken therefrom for the payment of depositors. Mr. Chief Justice Kane, speaking for the court, at page 405 of 35 Okla., at page 278 of 130 Pac., says:

"The defendant in error herein was not a creditor of the bank in the sense that a depositor was, and hence admittedly not entitled to be paid out of the depositors' guaranty fund. The depositors' guaranty fund was created for the payment of depositors, only as defined in *Columbia Bank & Trust Company v. United States Fidelity & Guaranty Co., supra.* Section 323, Comp. Laws 1909, provides that the state shall have, for the benefit of the depositors' guaranty fund, a first lien upon the assets of any defunct bank or trust company, and all liabilities against the stockholders, officers, or directors thereof, and against all other persons, corporations, or firms; and that such liabilities may be enforced by the state for the benefit of the depositors' guaranty fund. The effect of this statute is to make the state a preferred creditor until any deficiency in the guaranty fund, created by the payment therefrom of the depositors of an insolvent bank, is made up. After that, any remaining assets of the bank become available for the purpose of being prorated and distributed among the general creditors of the bank, in the manner contended for by counsel for defendant in error."

If we are correct in our conclusion that the facts stated in plaintiff's petition fail to show any right in him to require or have defendant as bank commissioner to apply, in satisfaction of plaintiff's claim, the proceeds of the assets of the failed bank or the state guaranty fund,

47—10

then it follows as a matter of course that plaintiff had no right to prosecute any suit against the defendant in the district court, and that the court committed reversible error in overruling defendant's objection to the introduction of any evidence in plaintiff's behalf and in overruling defendant's motion for an instructed verdict in his behalf at the conclusion of plaintiff's evidence.

But if we concede that the allegations of plaintiff's petition entitle him to payment of this claim out of the assets of the bank in the defendant's hands as bank commissioner or out of the state guaranty fund (which we do not), even then the question arises: Could the plaintiff maintain an action against the bank commissioner to compel him to make such payment? Again, the answer is, "No."

In *State ex rel. Taylor v. Cockrell*, 27 Okla. 630, on page 633, 112 Pac. 1000, on page 1001, Justice Williams, speaking for this court, says:

"That the bank commissioner is a state officer has not been, and cannot be, questioned. That the depositors' guaranty fund, and the funds of a failed bank in the hands of a bank commissioner for the purpose of reimbursing the depositors' guaranty fund, is as much a fund of the state as the common school fund, is also true. * * * The title of such depositors' guaranty fund vests in the state just as much so as the common school lands, or the proceeds of the sale of the same, and the taxes levied and collected for the maintenance and support of said schools, all of which are held in trust by the state for a specific purpose. Even if it were not a state fund, it would at least be a fund under the management of the state."

In *Lovett et al. v. Lankford et al., Composing the State Banking Board of the State of Oklahoma*, ante, p. 12, 145 Pac. 767, it is held by this court, quoting from the first paragraph of the syllabus:

"That the bank commissioner and the banking board are a part of the executive branch of the state government, and a suit in mandamus, seeking to compel said officers in their official capacity to allow and pay said claim out of the depositors' guaranty fund is a suit in effect against the state, and cannot be maintained without the consent of the state."

The case of *Lankford et al., Composing the State Banking Board, v. Platte Iron Works Co.*, 235 U. S. 461, 35 Sup. Ct. 173, 59 L. Ed. 316, an Oklahoma case appealed from the District Court of the Western District of Oklahoma to the United States Supreme Court, was one in which the Platte Iron Works Company sued the Oklahoma State Banking Board in the United States District Court and sought to compel the banking board to pay out of the state guaranty fund a debt owing said Platte Iron Works Company by the Farmers' & Merchants' Bank of Sapulpa, which had failed and gone into the hands of the State Bank Commissioner under the provisions of the state law. The United States Supreme Court, in an opinion rendered in said case January 5, 1915, held the suit was one against the state and could not be maintained without the state's consent.

But counsel for defendant in error contend that 'the fact that plaintiff in error answered and defended in the district court had the effect to make the state a party to the action, and that it cannot now be said this is a suit against the state without its consent. The answer to this contention is that the State Bank Commissioner is not the state; he is but one of a number of state officers, who collectively constitute a part of the executive department of the state. *Lovett et al. v. Lankford et al.* and *State Banking Board v. Platte Iron Works Co., supra.*

Plaintiff below sued J. D. Lankford in his capacity as State Bank Commissioner, and thus sought to appropriate the state's funds. The bank commissioner alone had no

authority or control of the state guaranty fund. The State Banking Board, and not the individual or separate officers who composed the board, could draw and appropriate the fund. Lankford had no authority to appear for the state in any court in the state, and, when sued alone as bank commissioner, his appearance in the case did not have the effect of making the state a party to the suit.

Counsel for defendant in error, in their supplemental brief, cite several cases which they claim support their contention. These cases hold that a state may waive its immunity from suit, and that, where it voluntarily appears in an action involving its interests, it thereby consents to be a party thereto. But these cases are not applicable to the facts in the instant case.

If the law is as contended by counsel for defendant in error, then, in actions by creditors of a failed bank against a single member of the State Banking Board, the state may be brought into court by the mere defense by such officer against suit against him and the state's interest therein adjudicated without its knowledge or consent, and without the aid of the state's counsel, whose duty it is, under the law, to represent it in all suits to which it is a party. That such is not the law is to our minds very clear. See *State Banking Board of Oklahoma et al. v. Farish,* 235 U. S. 498, 35 Sup. Ct. 185, 59 L. Ed. 330.

The plaintiff below having failed to state in his petition a cause of action against defendant as State Bank Commissioner, and having no right to maintain this action against defendant as such officer, it is unnecessary to notice the other assignments of error. The judgment of the trial court is therefore reversed, and the district court is directed to enter an order dismissing said cause.

SHARP and HARDY, JJ., concur. KANE, C. J., concurs in the conclusion reached. TURNER, J., absent and not participating.