## NATIONAL SURETY CO. v. STATE BANKING BOARD *et al.*

No. 4808.    Opinion Filed October 12, 1915.

(152 Pac. 389.)

1. STATES—Liability to Suit—Consent. A sovereign state cannot be sued except by its consent granted by express legislative enactment.

2. STATES—State Banking Board—Liability to Suit—Waiver. The immunity of the Oklahoma State Banking Board from liability to suit to control the administration of the depositors'

guaranty fund cannot be waived by the unauthorized participation by the board in an agreed statement of facts.

(Syllabus by the Court.)

*Error from District Court, Logan County;*
*A. H. Huston, Judge.*

Action by the National Surety Company, a corporation, against the State Banking Board of the State of Oklahoma and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Frank Hagerman, J. C. Cottingham,* and *S. W. Hayes,* for plaintiff in error.

*Ledbetter, Stuart & Bell,* for defendants in error.

KANE, C. J. The law questions involved herein arise upon an agreed case filed by the above parties, pursuant to section 5276, General Statutes 1908 (section 5303, Rev. Laws 1910). It seems that the Columbia Bank & Trust Company, prior to its failure, became a depository of a portion of the funds of the School Land Commission, and that, in order to save the state harmless from any loss which might result from such deposit made by said commissioners, said bank executed an indemnity bond for $50,000 with the National Surety Company as surety; that upon the failure of the bank the surety company satisfied the obligation created by its bond, and now seeks to be reimbursed out of the bank guaranty fund of the state. The trial court refused to grant the relief prayed for, upon the authority of *Columbia Bank & Trust Co. v. U. S. Fidelity & Guaranty Co.,* 33 Okla. 535, 126 Pac. 556, and it is to review this action that this proceeding in error was instituted.

In view of the conclusion reached by the court upon another phase of the case at bar, it is not necessary to

notice the distinctions between it and *Columbia Bank & Trust Co. v. U. S. Fidelity & Guaranty Co., supra,* contended for by counsel for plaintiff in error.

From the foregoing brief statement it is apparent that, unless this proceeding can be distinguished from *Lovett v. Lankford,* 47 Okla. 12, 145 Pac. 767, *Lankford v. Schroeder,* 47 Okla. 279, 147 Pac. 1049, *Lankford v. Platte Iron Works,* 235 U. S. 461, 35 Sup. Ct. 173, 59 L. Ed. 316, and *State Banking Board v. Farish,* 235 U. S. 498, 35 Sup. Ct. 185, 59 L. Ed. 330, it constitutes a suit against the state which, under the United States Constitution, Amend. 11, cannot be maintained without the state's consent.

Counsel for plaintiff in error contend that this is not a suit against the state without its consent, because the immunity from liability to suit guaranteed to the state by the section of the federal Constitution cited above was waived by the Banking Board entering into the agreed statement of facts with the plaintiff in error. *Gunter v. Atl. Coast Line Ry. Co.,* 200 U. S. 279, 26 Sup. Ct. 252, 50 L. Ed. 477, is also cited in support of this contention. This case was cited in *State Banking Board v. Farish, supra,* wherein a similar contention was made and distinguished as follows:

"The case is not apposite. The case was, it is true, ancillary to another, but in it the Attorney General of the state appeared, being directly authorized so to do by statute, and 'defend said action for and on behalf of the state.' The state therefore consented to be sued. The Oklahoma laws do not give the State Banking Board such power."

It is a long-established and well-recognized principle of sovereignty that the state cannot be sued without its

consent granted by direct legislative enactment. *Mc-Dowell v. Fuller*, 169 Mich. 332, 135 N. W. 267.

Another apposite case illustrating this doctrine is *Stanley v. Schwalby*, 162 U. S. 255, 16 Sup. Ct. 754, 40 L. Ed. 960, wherein it was held:

"Neither the Secretary of War nor the Attorney General, nor any subordinate of either, can waive the exemption of the United States from judicial process, or submit the United States or its property to the jurisdiction of a court in a suit brought against its officers; and an answer for it filed by the district attorney in pursuance of instructions to appear and defend its interests, given by the Attorney General, is not a voluntary submission by the United States to the jurisdiction of the court."

In the cases of *Lankford v. Schroeder* and *Farish v. Banking Board, supra,* the power of the Banking Board to waive the immunity clause of the federal Constitution was also involved. Those cases seem to support the conclusion reached here that the immunity of the Oklahoma State Banking Board from liability to suit to control the administration of the depositors' guaranty fund cannot be waived by the unauthorized participation by the board in an agreed statement of facts.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.