**AUSTIN, Banking Commissioner, et al. v. AVANT. (No. 1794.)\***

(Court of Civil Appeals of Texas. El Paso. Oct. 15, 1925. Rehearing Denied Nov. 12, 1925.)

**1. Banks and banking ☜15—"Depositor," within meaning of state guaranty fund law, defined.**

A "depositor," within the meaning of the state guaranty fund law (Rev. St. 1911, art. 486), is one who delivers to or leaves with bank money, or checks or drafts the commercial equivalent of money, subject to his order, and by virtue of which action title to money passes to the bank.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Depositor.]

**2. Banks and banking ☜15—Holder of time certificate of deposit held not protected by state guaranty fund.**

One who deposited in a state bank money, and received therefor a time certificate of deposit not subject to check and bearing interest before, but not after, maturity, who, neither before nor after maturity, presented the certificate for payment, or delivered it to or left it with the bank for deposit, held not depositor, protected by the state guaranty fund, within the meaning of Rev. St. 1911, art. 486; she being the holder either of a past-due certificate of deposit, and therefore a creditor of the bank, or the holder of a past-due noninterest bearing certificate of deposit, neither of which is protected under Acts 38th Leg. (1923) c. 150.

Appeal from District Court, Reeves County; Chas. Gibbs, Judge.

Suit by Mrs. Lela Avant against Charles O. Austin, Banking Commissioner of Texas, and others. Judgment for the plaintiff, and the defendants appeal. Reversed and rendered in part, and in part affirmed.

Dan Moody, Atty. Gen., and John W. Goodwin, Asst. Atty. Gen. and Solicitor of State Banking Department, for appellants.

Starley & Russell, of Pecos, for appellee.

PELPHREY, C. J. This is a suit instituted by Mrs. Lela Avant, a feme sole, plaintiff, against the Pecos Valley State Bank, J. L. Chapman, as banking commissioner, and J. L. Chapman, W. A. Keeling, and C. B. Terrell, composing the state banking board, defendants, for the sum of $2,000, and asking that her claim therefor be established as payable out of the state guaranty fund.

The defendants J. L. Chapman, banking commissioner, the Pecos Valley State Bank, and the banking board answered by general demurrer and general denial, and further alleged that the certificate of deposit upon which plaintiff based her suit was surrendered, if at all, within less than 90 days before the closing of the bank, and that when said certificate was surrendered and when it was changed to a common deposit, if at all, the bank was then insolvent and contemplated insolvency, which fact was known to plaintiff.

The case was tried by the court without the intervention of a jury and resulted in a judgment in favor of plaintiff and against defendants for $2,000, with interest from the 18th day of December, 1924, and established same as payable out of the state guaranty fund. From this judgment defendants have appealed.

The evidence shows: That on August 1, 1923, plaintiff deposited in the Pecos Valley State Bank the sum of $2,000 and received therefor a certificate of deposit reading as follows:

"The Pecos Valley State Bank. No. 792. Pecos, Texas, August 1, 1923. This certifies that Mrs. Lela Avant has deposited in this bank two thousand and no one-hundredths ($2,000.00) dollars, payable in current funds to the order of herself on the return of this certificate properly indorsed, with interest at the rate of 5 per cent. per annum three months from July 21, 1923. No interest after maturity. Not subject to check.

"J. G. Love, President."

That the above certificate reflected the contract between the bank and plaintiff in its entirety, and that no interest was paid or contracted to be paid except as shown by the certificate; that except by certificate the deposit was not secured in any way by bonds, collateral, or otherwise; that claim was made within the time prescribed by law to the banking commissioner asking that said deposit be paid in full out of the state guaranty fund as an unsecured, noninterest bearing deposit; and that said claim was rejected by the banking commissioner.

Appellants, defendants in the trial court, assign error to the court's action in overruling their general demurrer to appellee's petition and to the action of the court in rendering judgment establishing appellee's deposit as an unsecured, noninterest bearing deposit payable out of the state guaranty fund.

We cannot agree with appellants' contention that appellee's petition is subject to general demurrer. The question as to whether or not the deposit of appellee was such a deposit as was payable out of the state guaranty fund we find a more difficult question. If the deposit ceased to be a time deposit at the maturity date specified in the certificate and became an ordinary deposit, bearing no interest and being unsecured, then the judgment of the trial court was eminently correct; but, if the certificate was, after its maturity, merely a noninterest bearing cer-

tificate of deposit, then the judgment should be reversed.

Article 486 of the Civil Statutes provides:

That, in case a bank is closed by the commissioner or placed in his hands for liquidation, "depositors of said bank or trust company, * * * shall be paid in full out of the cash in said bank or trust company that can be made immediately available, * * * the remainder shall be paid out of the depositors' guaranty fund through the said board, in the event the cash available in said institution shall be insufficient; provided, that deposits upon which interest is being paid, or contracted to be paid, directly or indirectly by said bank, its officers or stockholders, to the depositor and deposits otherwise secured, shall not be insured under this chapter, but shall only receive the pro rata amount," etc.

[1] Was appellee such a depositor as was entitled under the provisions of article 486, to have her deposit paid in full out of the depositor's guaranty fund? We think not. A depositor, as that term is used in article 486, was defined by our Supreme Court in the case of Kidder v. Hall, 113 Tex. 49, 251 S. W. 499, as follows:

"A depositor is one who delivers to or leaves with a bank money, or checks or drafts the commercial equivalent of money, subject to his order, and by virtue of which action the title to the money passes to the bank."

This definition was adopted by the Supreme Court from an opinion in the case of Lankford v. Schroeder, 47 Okl. 279, 147 P. 1052, L. R. A. 1915F, 626, in which the Supreme Court of Oklahoma further defined a depositor entitled to be protected by the state guaranty fund as "one who takes his money, or its equivalent, and places it * * * in the bank to his credit, subject to his right to check it out or withdraw it from the bank at will."

In the case of Chapman, Commissioner of Insurance and Banking, v. Tyler County, 259 S. W. 301, in which a writ of error was refused, the Beaumont Court of Civil Appeals held that a county who has had assigned to it noninterest bearing certificates of deposit as part payment for the purchase of county bonds was not such depositor as was protected under the "depositors' guaranty fund," and based its conclusion upon the fact that the county was not a depositor as defined by the Supreme Court in Kidder v. Hall, supra.

[2] The deposit when made by appellee on August 1, 1923, was certainly not subject to her order, but was for a period of three months, and, by the provisions of the certificate, was not subject to check; therefore she was not a depositor at that time as defined by the Supreme Court. There is no evidence that appellee ever, before or after maturity, presented the certificate to the bank for payment, or that she ever "delivered to" or "left with" the bank the certificate of deposit.

The certificate of deposit being a negotiable instrument, the bank would have been within its rights in refusing to pay the money without its surrender as provided for in the certificate. That being true, then the only way the $2,000 could have become such deposit as is protected by article 486 would be for appellee to have presented the certificate, received the money, and left same with the bank, subject to her order, or, conceding the certificate of deposit to be the commercial equivalent of money, which we do not believe it to be, to have "delivered to" or "left with" the bank the certificate as a deposit, subject to her check or withdrawal. Neither of these steps having been taken, appellee, at the time the bank closed, was either the holder of a past-due certificate of deposit, which in a great majority of jurisdictions has been held to be in legal effect nothing more or less than a promissory note (7 C. J. p. 647, and notes), and therefore a creditor of the bank, or the holder of a past-due noninterest bearing certificate of deposit.

In neither case would she be protected by the "depositors' guaranty fund." Depositors, not ordinary creditors, of banks, are protected by said fund; and it is provided in the Acts 38th Leg. Reg. Sess. c. 150, p. 323, that—

"Noninterest bearing certificates of deposit * * * shall not be insured or in any way protected by the guaranty fund law of the state banks of Texas."

The judgment of the district court is reversed, and judgment rendered in favor of appellants J. L. Chapman, banking commissioner, and J. L. Chapman, W. A. Keeling, and C. B. Terrell, composing the state banking board, in so far as the claim of appellee was established as a noninterest bearing deposit, and as payable out of the state guaranty fund, and that otherwise the judgment of the district court is affirmed.

Reversed and rendered in part; affirmed in part.