**COSTELLO et al. v. NESBITT, Highway Com'r.**

No. 14706—Opinion Filed March 2, 1926.

**Appeal and Error—Moot Question—Appeal Dismissed.**

Where, upon the theory of the plaintiff in error, the question presented has become moot, so nothing is presented except a mere abstract question of law, the court will not go through the form of deciding it, but will dismiss the appeal.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Johnston County; E. F. Lester, Assigned Judge.

Action by J. W. Costello, W. C. Graves, and J. W. Gregg, against Paul Nesbitt, Commissioner of Highways of the State of Oklahoma. From the judgment, the plaintiffs appeal. Dismissed.

Cornelius Hardy, J. J. Stobaugh, and V. B. Hayes, for plaintiffs in error.

George F. Short, Atty. Gen., and Leon S. Hirsch and Charles Hill Johns, Assts. Atty. Gen., for defendant in error.

Opinion by DICKSON, C. The plaintiffs in error will be referred to herein as plaintiffs, and the defendant in error as the defendant, as the parties appeared in the court below.

The plaintiffs filed action in the district court of Johnston county on the 23rd day of April, 1923, suing the defendant, Paul Nesbitt, as Commissioner of Highways of the state of Oklahoma. The plaintiffs seek injunctive relief. The allegations of the petition are to the effect that Johnston county provided certain funds with which to match federal aid in constructing hard surface highways in Johnston county; and that the county commissioners of said county, acting within ther powers, designated certain highway lines over which the hard surfacing should first be done, and to be paid for with the money provided, the money to be sent under the joint management of the state of Oklahoma and the United States government. It appears from the allegations of the petition, that it was represented to the citizens of the county, by way of inducement to vote the necessary bonds, that the money would be first applied upon certain roads. It is further alleged that the State Highway Commissioner disregarded and will disregard the designation of highways to be constructed. as laid out and prescribed by the county commissioners, and had let and will let contracts and spend money in constructing and hard surfacing another and different line of road from that laid out and designated by the board of county commissioners to be first constructed; that the contracts let and to be let by the Highway Commissioner are in disregard of and against the interest of plaintiffs and other citizens of Johnston county, and for much more money than has been provided, and can be provided, for such road construction; and that such contracts are unauthorized, in violation of law, and contrary to public policy, and are therefore void. The prayer is that the State Highway Commissioner be restrained from proceeding, as it is alleged that he is proceeding, and that all contracts let be set aside and held for naught, and that he be directed by the court to at once proceed to the building, constructing, and hard surfacing of the line of roads designated by the county commissioners in the order which the said board of commissioners conceived that the roads should be constructed; and that upon final hearing the restraining order be made permanent, and for all proper relief.

The petition is lengthy, and goes into much detail and particularity in alleging the facts upon which the plaintiffs rely; but the above statement with reference to the petition is, in general, the proposition on which the plaintiffs predicate their right to injunctive relief. Afterwards an amended petition was filed, upon which the cause was finally heard. It is a more detailed statement as to acts of the Highway Commissioner complained · of, but in substance and effect is substantially the same as the original petition.

The Attorney General appeared specially for the defendant, and challenged the jurisdiction of the court; but later the challenge to the jurisdiction was withdrawn. No other pleadings were filed. The trial court, upon its own motion, raised the jurisdictional question. After extended arguments by the parties the court held that jurisdiction was wanting, and rendered judgment dismissing the petition.

The plaintiffs prosecuted appeal and present in their argument two propositions: First, a question: "Is this an action against the state or against one of its officials?" Second: "The court erred in dismissing our petition, holding that same did not state a cause of action." The plaintiffs then seem to answer the question themselves in these words: "We also submit this suit is not against the state of Oklahoma," etc. And plaintiffs thereafter argue and cite authorities in support of the proposition quoted.

If the proposition quoted is correct, it fol-

lows that the suit is against Paul Nesbitt, Highway Commissioner, and not against the state. It seems, therefore, that it would follow that plaintiffs are confronted by an insurmountable obstacle. The court takes judicial notice of incumbency of the state offices, such as the position of State Highway Commissioner, and now judicially knows that Paul Nesbitt is no longer State Highway Commissioner; and, having been sued in his individual official capacity for the purpose of controlling his actions by injunction, the suit fails, and the question here presented becomes moot. The acts of this particular officer are attacked. The plaintiffs in substance and effect charge the official with acting or proceeding wrongfully, in the sense that he was acting without authority or in excess of his authority. The court cannot make orders against Paul Nesbitt as an official, for he is no longer in office. The action is not against his successor, and we cannot presume that his successor would act either without authority or in excess of his authority.

Since the plaintiffs contend that the suit is against the official, as contradistinctive from a suit against a branch of the executive department of state, it is unnecessary for the court to decide whether the action is against the state. If the suit is against the individual official, the suit has become moot, for the reasons above stated; and under the numerous holdings of this court a dismissal of the appeal will follow. If it is an action against the state, the action cannot be maintained for the reason that the state has never given its consent to be sued in such matters (National Surety Co. v. State Banking Board, 49 Okla. 184, 152 Pac. 389); an affirmance of the judgment should follow. So far as this case is concerned, a dismissal, or an affirmance of the judgment, would amount to the same in result.

Since the plaintiffs' contention is such that the question is moot, we will not go through the form of deciding whether it is a suit against the individual official or a suit against the executive department of state, upon the whole record, but will assume (without deciding) that the action is against the individual official, since it is so insisted by the plaintiffs themselves; and so assuming, the question presented is moot, and the appeal will be dismissed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 575 §2383; 2 R. C. L. p. 169; 1 R. C. L. Supp. p. 424; 4 R. C. L. Supp. p. 87; 5 R. C. L. Supp. p. 77.