## GOODIN v. COMMISSIONERS OF THE LAND OFFICE.

No. 26191.   Sept. 17, 1935.

Rehearing Denied Oct. 8, 1935.   Application for Leave to File Second Petition for Rehearing Denied Oct. 29, 1935.

Fullerton & Fullerton, for plaintiff in error.

Haskell Paul, Orlando Sweet, and Lloyd Story, for defendants in error.

PER CURIAM. This action was commenced in the district court of Comanche county on the 2nd day of November, 1933, by the filing of a petition by E. Goodin, as plaintiff, against the Commissioners of the Land Office of the State of Oklahoma, as defendants. It is alleged by the plaintiff in his petition that he is the owner and holder of a preference right certificate, and that he obtained the same from a prior holder, and that his lease is not delinquent, and that he has been illegally ousted by the order of the defendant, School Land Commission. To the petition is attached as Ex-

hibit "A" the alleged illegal executive order of ouster, which is as follows:

"To: Charles F. McCarty, sheriff, Comanche County, Oklahoma: Greeting:

"Whereas, on the 19th day of February, 1927, a preference right lease to the southwest quarter of section 16, township 3 north, range 11 west of the Indian Meridian, Comanche county, Okla., was awarded to Carrie Japp, and,

"Whereas, the said southwest quarter of section 16, township 3 north, range 11 west of the Indian Meridian, is now occupied by E. Goodin and other members of his family, and

"Whereas, the said E. Goodin and Mrs. E. Goodin and other members of his family are occupying said land adverse to the rights of the lessee, Carrie Japp, and refuse to surrender possession of the same to the said lessee, and

"Whereas, the said Carrie Japp, lessee, has paid all payments, rentals, etc., to the Commissioners of the Land Office of the State of Oklahoma, and is entitled to the immediate possession of said land,

"Now, therefore, you are hereby commanded and directed by the Commissioners of the Land Office of the State of Oklahoma to forthwith dispossess and remove from the southwest quarter of section 16, township 3 north, range 11 west of the Indian Meridian, the said E. Goodin, Mrs. E. Goodin, and all members of their family, and their servants, agents and employees, including all household goods, farming implements and livestock, and all other personal property in compliance with this order.

"You are further authorized and directed to take immediate possession of the said southwest quarter of section 16, township 3 north, range 11 west of the Indian Meridian, Comanche county, Okla., including all permanent improvements thereon to Carrie Japp of Lawton, Okla., lessee of said land, heretofore duly authorized by the Commissioners of the Land Office to receive the same, and to make return of this order forthwith showing the manner in which you have executed the same.

"In witness whereof the name of the Commissioners of the Land Office of the State of Oklahoma has hereunto been subscribed by the Governor and Chairman of said Board and duly attested by the Secretary of the Commissioners of the Land Office under the seal of said Board, at Oklahoma City, Okla., on this 10th day of January, 1933."

He seeks to be restored to his preference right as leaseholder and the possession thereof, or in the alternative judgment against the defendant, the School Land Commission of the State of Oklahoma, for the sum of $2,500, and for all other proper relief.

A demurrer was filed to this petition, which was sustained by the trial court and the action of the plaintiff dismissed. This is assigned as error in this court, and the only question herein presented is whether or not the action can be maintained by the plaintiff against the School Land Commission. If this action is against the state of Oklahoma, the action of the trial court in sustaining the demurrer to the petition must be affirmed.

Plaintiff cites the case of State Board of Land Com'rs of Colorado et al. v. Carpenter, 16 Colo. App. 436, 66 P. 165, the first syllabus of which is as follows:

"Where the State Board of Land Commissioners' leased school lands to a party, afterwards wrongfully canceling the lease, the lessees may bring an action against such board to reinstate the lease. The duties performed by the board in so leasing the land being on a purely business basis, no discretionary, political or governmental power of the executive branch of the state government would be invaded by granting the relief prayed."

By reference to that case it will be seen that the opinion does not point out whether or not the state of Colorado provided for appeals from the orders such as made in that case. The court therein designated the transaction as a business enterprise. It is not necessary to analyze the opinion further than to state if it is an authority for an action of this nature it is contrary to the defined law of this state. In the case of Board of County Com'rs v. Commissioners of the Land Office, 125 Okla. 287, 257 P. 778, the court said:

"We do not think the state was engaged in a private enterprise in loaning the school fund on real estate mortgaged for the reason of the mandatory provisions of the Constitution. The state was performing a governmental function, to which it was bound, which it pledged its faith to perform before it came into existence as a state. See article 11, sec. 6, and article 11, sec. 1, of the Constitution. See, also, Choctaw Pressed Brick Co. v. Townsend, 108 Okla. 235, 236 P. 46, in reference to mandatory functions relative to private enterprises of the sovereign:

" 'The rule would be different, however, if the engaging in business enterprises * * * were mandatorily made a governmental function by the Constitution. * * *' "

Section 9384, C. O. S. 1921, provides for appeals from forfeiture of delinquent lessees

and preference right holders. Section 9392, C. O. S. 1921, provides for relinquishment of leases and preference rights. A hearing of contests is provided by section 9393, C. O. S. 1921, and section 9394, C. O. S. 1921, provides for appeals from orders of the Commission relative thereto. Since the enactment of these laws section 9384, C. O. S. 1921, was amended in 1924, and appears as section 5557, O. S. 1931. Sections 9392, 9393, and 9394, C. O. S. 1921, providing for release and relinquishment and hearings from contests, appear as sections 5566, 5567, 5568, O. S. 1931. Sections 5566 and 5567, supra, were repealed by the Session Laws of 1933, page 162, chap. 91. sec. 14. Section 5568, O. S. 1931, providing for appeals from the Commission, remains as written. It therefore appears that whether a party claims to be the original lessee or preference right holder, or an assignee as provided by said sections and preference right holder, if his lease is canceled, or he is declared in default, said sections amply provide a remedy by appeal. We find no other sections which grant a party the right to appear in court as a plaintiff or complainant against the School Land Commission, and none has been pointed out by the plaintiff.

We have held that real estate which is acquired by the state in its sovereign capacity is therefore absolved and freed from liability for taxes previously assessed against it, and that a county treasurer is without legal authority to sell the same. State ex rel. Commissioners of the Land Office v. Galyon, 154 Okla. 204, 7 P. (2d) 484. We have held that the School Land Commission in administering the affairs of its office and the lands in connection therewith is acting in and performing a governmental function. Board of County Com'rs v. State ex rel. Commissioners of Land Office, supra. It is a well-known principle that the state, acting in its sovereign capacity, in the absence of a permissive grant by the Legislature, is not subject to suit. National Surety Co. v. State Banking Board, 49 Okla. 184, 152 P. 389; Love v. Filtsch, 33 Okla. 131, 124 P. 30; State ex rel. Com'rs of Land Office v. Nowata County, 166 Okla. 78, 24 P. (2d) 1074.

We are of the opinion, and therefore hold, that the action was one against the state of Oklahoma, and that the court properly sustained the demurrer of the defendant to the petition of the plaintiff, and the order of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, WELCH, CORN and GIBSON. JJ., concur. PHELPS, J., absent.