## UNITED STATES v. FUSTON et al.

### No. 2878.

Circuit Court of Appeals, Tenth Circuit.

May 22, 1944.

Rehearing Denied June 19, 1944.

PHILLIPS, Circuit Judge.

This is an action in ejectment brought by the United States in its own behalf and on behalf of Sissie Folsom Pierce against Mrs. H. B. Fuston to recover the possession of a tract of land in Bryan County, Oklahoma.

In its complaint the United States alleged that Sissie was the owner of such land, subject to restrictions, and entitled to immediate possession thereof. Sissie died February 15, 1941. The United States filed an amended complaint in which it alleged that fact and further alleged that she left as her sole and only surviving heirs Grace Pierce, a daughter, Wilson Folsom, a son, and Louis Folsom, a son, and that it brought the action in its own behalf and on behalf of the heirs of Sissie.

In her answer, Mrs. Fuston set up that she is in possession of the land as the executrix of the estate of H. B. Fuston, deceased, under a lease entered into between H. B. Fuston and the State of Oklahoma.

The State of Oklahoma intervened and filed an answer and cross-complaint in which it set up title by adverse possession.

From a judgment denying the United States any relief and quieting and confirming the title to the land in the State of Oklahoma, the United States has appealed.

The land is a part of a tract originally allotted, subject to restrictions, to Saul and Joe Mitchell Folsom. From a stipulation of the parties filed in the court below, these further facts appear: Sissie acquired by inheritance from her sons, Saul and Joe Mitchell Folsom, an undivided one-half interest in the allotment and a dower interest from her husband, Joseph Folsom, being a life estate in one-third of the other undivided one-half interest in the allotment. After the death of her former husband, Sissie married M. L. Pierce. On October 15, 1927, she and Pierce executed and delivered to the State of Oklahoma a mortgage of such land to secure an indebtedness of $2,800, with interest at the rate of ten per cent per annum. The mortgage was not approved by the county court of Bryan County, Oklahoma, nor by the county court of any other county in the State of Oklahoma, and the restrictions were not removed from such land. On June 15, 1931, a petition was filed by the State of Oklahoma and the Commissioners of the Land Office in the district court of Bryan County,

Ralph S. Boyd, Atty., Dept. of Justice, of Washington, D. C. (Norman M. Littell, Asst. Atty. Gen., Cleon A. Summers, U. S. Atty., and William H. Landram, Asst. U. S. Atty., both of Muskogee, Okl., and Robert E. Mulroney, Atty., Dept. of Justice, of Washington, D. C., on the brief), for the United States.

Walter Marlin, of Oklahoma City, Okl. (Lloyd Story, of Valliant, Okl., on the brief), for appellees.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

Oklahoma, for the foreclosure of the mortgage. On January 11, 1932, a judgment in foreclosure was entered. An order of sale issued August 31, 1932. Pursuant thereto, the land was sold to the State of Oklahoma. An order confirming the sale was entered December 23, 1932. A sheriff's deed was issued to the State of Oklahoma, which was duly filed of record in the office of the county clerk of Bryan County on December 30, 1932. Since the recording of such deed, the State has been in possession and occupancy of such land.

12 O.S.A. § 93, in part, provides:

"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no time thereafter:

"1. An action for the recovery of real property sold on execution, brought by the execution debtor, his heirs, or any person claiming under him, by title acquired after the date of the judgment, within five years after the date of the recording of the deed made in pursuance of the sale. * * *"

60 O.S.A. § 333 provides:

"Occupancy for the period prescribed by civil procedure, or any law of this State as sufficient to bar an action for the recovery of the property, confers a title thereto, denominated a title by prescription, which is sufficient against all."

Section 2 of the Act of Congress, approved April 12, 1926, 44 Stat. 239, provides that the statutes of limitations of Oklahoma shall be applicable to and against restricted Indians of the Five Civilized Tribes, and the heirs or grantees of such Indians, and against all rights and causes of action theretofore accrued or thereafter accruing to such Indians, heirs, or grantees, to the same extent and effect as in the case of any other citizen of that state, and that such statutes may be pleaded in bar of any action brought by or on behalf of any such Indian, his heirs or grantees, either in his own behalf or by the United States, to the same extent as though the action were brought by or on behalf of any other citizen of such state.

■ The State of Oklahoma, in administering its public lands through the Commissioners of the Land Office, acts in its sovereign capacity in the performance of a governmental function. It may not be sued with respect thereto in the absence of a permissive grant by the legislature. Goodin v. Commissioners of Land Office, 174 Okl. 364, 50 P.2d 189, 191. The State not having consented to be sued with respect to the land here involved, it follows that Sissie could not have maintained an action against the State to recover possession thereof or to quiet the title thereto. Where a state cannot be sued without its consent, a statute of limitation does not begin to run in its favor until it has consented to be sued. State v. Ward, 189 Okl. 532, 118 P.2d 216, 223. It would not have run against an action to recover the possession of such land brought by or on behalf of any other citizen of the State of Oklahoma. We conclude, therefore, that the statute did not run against Sissie and that the State did not acquire title by adverse possession or prescription by virtue of the provisions of 12 O.S.A. § 93, and 60 O.S.A. § 333.

■ The mortgage was not approved by the county court of Bryan County, Oklahoma, nor any other county court in that state. Hence, if the land was held by Sissie, subject to restrictions at the time the mortgage was executed, the mortgage and judgment in foreclosure were void.[1]

It was stated in the stipulation filed in the trial court that the restrictions had not been removed from such land and the parties proceeded upon the theory that the land was subject to restrictions. Counsel for the United States, in their brief filed in this court, with commendable frankness, state that in 1916 the Secretary of the Interior made an order removing restrictions "on alienation of all the restricted lands" of Sissie. They state that if such order was applicable only to the allotted land of Sissie, the land here involved was subject to restrictions, but that if it removed restrictions from inherited lands of Sissie, the land here involved was not subject to restrictions.

The judgment is reversed and the cause is remanded to the district court. The State may, if it is so advised, file an application with the district court for leave to file an amended answer and set up the facts bearing on the issue as to whether such land was restricted on the date the mortgage was executed.

---

[1] Goodrum v. Buffalo, 8 Cir., 162 F. 817; Bilby v. Malone, 130 Okl. 217, 266 P. 760, 762; Tidal Oil Co. v. Flanagan, 87 Okl. 231, 209 P. 729, 731.