## MISSOURI–KANSAS–TEXAS R. CO. v. RAY et al.

### No. 3909.

United States Court of Appeals Tenth Circuit.

Oct. 20, 1949.

John E. M. Taylor, Oklahoma City, Okl. (Semple & Fitzgerald and C. S. Walker, Tulsa, Okl., on the brief), for appellant.

T. J. Lee, Oklahoma City, Okl. (R. H. Dunn, Clinton, Okl., on the brief), for appellees.

Before PHILLIPS, Chief Judge MURRAH, Circuit Judge, and RICE, District Judge.

PHILLIPS, Chief Judge.

George O. Ray, Adelaide O. Ray, Ogden Thomas, and Hilda A. Ray brought this action against the Missouri-Kansas-Texas Railroad Company,[1] Edwin B. Cox, Jake L. Hamon, the Commissioners of the Land Office of the State of Oklahoma, Walter W. Strickland, Fred Capshaw, and A. B. Soper to quiet the title to an oil and gas lease granted to Capshaw by the Commissioners of the Land Office of the State of Oklahoma covering Lots 1, 2, and 3 of the SW 1/4 of S 36, T 20, N, R 6 E, Pawnee County, Oklahoma.

On March 16, 1948, the Railroad Company executed and delivered to Cox and Hamon an oil lease upon that portion of the lands herein involved embraced within its right of way.

On August 23, 1946, Capshaw assigned one-half of the state oil and gas lease to George O. Ray, and one-eighth each to Strickland, Thomas, and Hilda A. Ray. Capshaw reserved from the assignment an overriding royalty of 1/16th of 8/8ths of all oil and gas produced from the leased premises, and on September 3, 1946, he assigned a one-half interest in such overriding royalty to Soper.

The Railroad Company filed an answer and cross-petition, seeking a judgment adjudging it to own in fee simple the land embraced in its right of way and the oil, gas, and minerals underlying the same.

The State of Oklahoma, ex rel. Commissioners of the Land Office, filed a cross-petition seeking to quiet its title, subject only to the state oil and gas lease and an easement for railroad purposes.

From a judgment in favor of the plaintiffs below and the defendants Strickland, Capshaw, and Soper, and the State of Oklahoma, the Railroad Company has appealed.

Section 18 of the Organic Act creating the Territory of Oklahoma, 26 Stat. 81, reserved Sections 16 and 36 in each township "for the purpose of being applied to public schools in the State or States" thereafter to be erected out of the Territory.

Section 36 of the Act of March 3, 1891, 26 Stat. 989, 1043, provides that the school lands reserved in the Territory of Oklahoma "may be leased for a period not exceeding three years for the benefit of the school fund of said Territory, by the governor thereof, under regulations to be prescribed by the Secretary of the Interior."

On March 8, 1895, the Territory of Oklahoma enacted a statute, Ch. 24, p. 122, S.L. of Oklahoma, 1895, which provided for the condemnation of land set apart for the use and benefit of the Territory of Oklahoma for public schools, for railroad and other public uses, and provided a procedure for such condemnation.

In 1904, the Railroad Company brought a proceeding under such statute to condemn a right of way across such Section 36 and other lands. Appraisers were appointed to assess the damages. The appraisers found the damages to be $539.75. The award was approved. On June 9, 1904, a certificate was issued reciting that the Railroad Company had fully complied with the statutes of the Territory "in condemning certain school lands in Pawnee County, Oklahoma Territory," and had paid into the Territorial treasury the sum of $539.75 awarded the Territory for lands so condemned.

In the case of Territory v. Choctaw, O. & W. R. Co., 20 Okl. 663, 95 P. 420, the Supreme Court of Oklahoma held that the only interest the Territory of Oklahoma had in school sections was that granted it by § 36 of the Act of March 3, 1891, supra; that in a condemnation proceeding brought under the Territorial statute of March 8, 1895, the only interest a railroad could acquire was the limited interest of the Territory granted it under § 36, supra, and that the Territory

1. Hereinafter called the Railroad Company.

had no title to school sections and could not recover for injury to the freehold. It follows that by the condemnation proceeding, the only right the Railroad Company acquired was the interest of the Territory under § 36, supra.

It is urged that the Railroad Company, by the condemnation proceeding, sought to acquire, and paid compensation for, the fee and that its imperfect title to the fee was confirmed by the Act of June 26, 1906, 34 Stat. 481, 43 U.S.C.A. § 944, set out in marginal Note 2.

■ Prior to the decision in Great Northern R. Co. v. United States, 315 U.S. 262, 62 S.Ct. 529, 86 L.Ed. 836, the Supreme Court had held in a long line of decisions that the right of way granted by the Act of March 3, 1875, and other similar acts, was "neither a mere easement, nor a fee simple absolute, but a limited fee, made on an implied condition of reverter in the event that the company ceases to use or retain the land for the purposes for which it is granted, and carries with it the incidents and remedies usually attending the fee." See Rio Grande Western R. Co. v. Stringham, 239 U.S. 44, 47, 36 S.Ct. 5, 6, 60 L.Ed. 136. But, in the Great Northern case, supra, the court held that a grant of a right of way, under the Act of March 3, 1875, 43 U.S.C.A. § 934 et seq., through public lands of the United States grants an easement only, not a fee, and confers no right to oil and minerals underlying the right of way.

If the limiting language "only to the extent of the right of way conferred by the said Act of March third, eighteen hundred and seventy-five, for such railroad purposes," applies to rights of way acquired under the laws of the Territory of Oklahoma, then the confirmation was only of an easement for railroad purposes. We believe the language of the Act is clear. It states that future dispositions of the public lands shall be subject to a railroad's right or easement, but only to the extent of the right of way conferred by the Act of March 3, 1875. Moreover, the manifest policy of the Congress at the time the Act of June 26, 1906, was enacted, as shown by the decision in the Great Northern case, supra, had been to limit acquisition by railroads for right of way over public lands to easements for railroad purposes. If the purpose of the Act of June 26, 1906, was to confirm the imperfect titles to rights of way sought to be acquired by railroads, either under the laws of the Territories of Oklahoma or Arizona, or the Act of March 3, 1875, it seems highly improbable that Congress intended to confirm only an easement for railroad purposes to acquisitions under the Act of March 3, 1875, and a fee to acquisitions under state law.[3] We think it was the intent of Congress to recognize rights of way of railroads constructed and in operation, but to limit the railroads' right to an easement for railroad purposes.

We accordingly conclude that the only interest which the Railroad Company acquired through the condemnation proceedings was the limited interest of the Territory of Oklahoma, and that the confirmation by the Act of June 26, 1906, only gave it an easement for railroad purposes.

■■ The Railroad Company contends that the State is estopped from claiming

2. "An act to confirm the right of way of railroads now constructed and in operation in the Territories of Oklahoma and Arizona."

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That where, under the Act of Congress approved March third, eighteen hundred and seventy-five, entitled 'An Act granting to railroads the right of way through the public lands of the United States,' or under special Acts of Congress, or under the laws of the Territories of Ok-

lahoma and Arizona, railroads have been constructed and are now in operation in Oklahoma or Arizona which may pass through any of the lands heretofore reserved for said Territories, such lands shall be disposed of subject to such railroad right or easement, but only to the extent of the right of way conferred by the said Act of March third, eighteen hundred and seventy-five, for such railroad purposes." 34 Stat. 481.

3. See, also, House Committee Report on the Act of June 26, 1906.

that the title of the Railroad Company is less than the fee, because the Territory received full value for the lands sought to be condemned. We think that contention is without merit. The Territory only had a limited interest. Sections 16 and 36 have been reserved by the United States for the purpose of being applied to public schools in the state or states thereafter to be erected out of the same. The title, other than the limited interest granted to the Territory, was in the United States. By the Oklahoma Enabling Act, Sections 16 and 36 were granted by the United States to the State for the support of the common schools. The action of the Territory could not deprive the United States of its reserved right in Sections 16 and 36, nor prevent it from granting those sections to the State for the benefit of the public schools.

Moreover, in administering the school lands, the Territory acted in its sovereign capacity in the performance of a governmental function, and not in a proprietary capacity,[4] and the doctrine of estoppel does not apply.[5]

The judgment is affirmed.

---

4.  Goodin v. Commissioners of Land Office, 174 Okl. 364, 50 P.2d 189, 191; Board of Commissioners of Woods County v. State ex rel. Commissioners of Land Office, 125 Okl. 287, 257 P. 778, 781, 53 A. L.R. 1128; United States v. Fuston, 10 Cir., 143 F.2d 76, 78.

5.  McKay v. Public Utilities Commission, 104 Colo. 402, 91 P.2d 965, 973; Armstrong v. Driscoll Const. Co., 107 Colo. 218, 110 P.2d 651, 654; City of Beckley v. Wolford, 104 W.Va. 391, 140 S. E. 344, 345; State ex rel. Commissioners of Land Office v. Pitts, 197 Okl. 644, 173 P.2d 923, 925; City of New Castle v. Withers, 291 Pa. 216, 139 A. 860, 861, 57 A.L.R. 132; National Labor Relations Board v. T. W. Phillips Gas & Oil Co., 3 Cir., 141 F.2d 304, 305–306.